FILED

2004 JUL -8  P 12: 14

U.S. DISTRICT COURT
           CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON : | CIVIL ACTION NO. |
| Plaintiff, : | 3-00-CV-1308 (DJS) |
| : | |
| v. : | |
| : | |
| FOXWOODS RESORT & CASINO AND : | |
| MASHANTUCKET PEQUOT GAMING : | |
| ENTERPRISE : | |
| Defendants. : | July 2, 2004 |

## MOTION TO REOPEN

Plaintiff, RONALD PATTERSON, a pro se claimant respectfully request that base on the ruling of the Honorable Chief Judge John M. Walker on April 21, 2004 to reopen the above-captioned civil action. The ruling states complainant is challenging the Judge's ruling in his district court case. It would be a proper ruling to reopen this case also base on the fact the National Labor Relations Board ruled on May 28, 2004. "The operation of a casino – which employs significant numbers of non-indians and that caters to a non-indians clientele –can hardly be described as vital to the tribes' ability to govern themselves."

The defendants openly admitted that they are an equal opportunity employer and does abide by said laws.

Wherefore base on the Chief Judge's ruling , National Labor Board's ruling the mandate that close this case can be set-aside.

PLAINTIFF, RONALD PATTERSON

By: *Ronald Patterson*

Ronald Patterson
133 Huntington Street # 1
Hartford, Connecticut. 06105
Tel. (860) 728-5759

Exhibit;   Honorable Chief Judge John M. Walker's ruling

## CERTIFICATION OF SERVICE

This is to certify that the foregoing MOTION TO REOPEN was sent postage prepaid, on this 2ND day of July 2004 to the following:

Ms. Elizabeth Conway Esq.
MPTN Office of Legal Counsel
P.O. Box 3060
2 Matt's Path
Mashantucket, CT. 06339-3060

By: *Ronald Patterson*
Ronald Patterson

ORIGINAL



JUDICIAL COUNCIL OF THE
SECOND CIRCUIT

------------------------------X

   In re

CHARGE OF JUDICIAL MISCONDUCT      Docket No. 03-8548

------------------------------X

JOHN M. WALKER Jr., Chief Judge:

      On August 29, 2003, Complainant filed a complaint with the Second Circuit Clerk's Office pursuant to the Judicial Councils Reform and Judicial Conduct and Disability Act, 28 U.S.C. § 351 (the "Act") and the Rules of the Judicial Council of the Second Circuit Governing Complaints Against Judicial Officers (the "Local Rules"), charging a District Judge of this Circuit with misconduct.

**Background**

      Complainant filed a lawsuit in July 2000. Defendants moved to dismiss. A status conference was held in February 2001. The Judge granted the motion to dismiss in April 2001. Complainant appealed and the appeal was dismissed in August 2001. In June 2003, Complainant filed motions to amend the complaint and for relief from judgment, both of which were denied. The Judge granted reconsideration in July 2003 but again denied relief from judgment. A motion for clarification of the July 2003 order was granted in



August 2003.

**Allegations**

Complainant asserts that the Judge's "judicial opinion does not state the essential facts equally," and avoids deciding questions brought before him. He further avers that the Judge abused his discretion in dismissing the complaint.

Complainant also argues that defendants' counsel and the Judge have an association which may have influenced the Judge. Complainant relates that, at the February 2001 status conference, the Judge stated that he and the lawyer "were associates for years," that Complainant "gave the opportunity to believe that he could remain objective and impartial," but Complainant is now "convinc[ed] that [the Judge] should not be presiding over this case."

**Disposition**

Complainant is challenging the Judge's ruling in his district court case. Therefor, the complaint is dismissed because the Act does not apply to matters "directly related to the merits of a decision or procedural ruling." 28 U.S.C. § 352(b)(1)(A)(ii); Local Rule 4(c)(2).

Further, the Act is not a means to secure recusal of a Judge. Local Rule 1(e).

Complainant's unsupported allegations of unfairness are dismissed as frivolous. 28 U.S.C. § 352(b)(1)(A)(iii); Local Rule

4(c)(3). Complainant concedes that when informed of a prior association between the Judge and opposing counsel, he acceded to continuing before the Judge. That he subsequently received an adverse ruling does not create an inference of any misconduct.

The Clerk is directed to transmit copies of this order to Complainant and the Judge.

_____
John M. Walker, Jr.
Chief Judge

Signed:  New York, New York
         April 21, 2004

3