UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RONALD PATTERSON, | : | CIVIL ACTION NO.: |
| Plaintiff | : | 3:00-cv-01308 (DJS) |
| V. | : | |
| FOXWOODS RESORT & CASINO and | : | |
| MASHANTUCKET PEQUOT | : | |
| GAMING ENTERPRISE, | | |
| Defendants. | : | JULY 23, 2004 |

## OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN

The Defendant, Mashantucket Pequot Gaming Enterprise, hereby opposes Plaintiff's Motion to Reopen, dated July 2, 2004 and filed July 8, 2004. The Plaintiff's motion should be denied because the Plaintiff states no recognized basis for reopening a judgment entered over three years ago and the motion has not been made within a reasonable time after judgment entered.

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment for six enumerated reasons: 1) Mistake, inadvertence, surprise or excusable neglect; 2) Newly discovered evidence; 3) Fraud, misrepresentation or other misconduct of an adverse party; 4) The judgment is void; 5) The judgment has been satisfied, released or discharged; and 6) Any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). A motion based on the first three reasons must be brought within one year of the date the judgment was entered. For reasons four through six, a motion must be brought within a reasonable time.

In the present case, the district court granted the Defendant's motion to dismiss on April 6, 2001, and judgment entered in favor of the Defendants on April 11, 2001. The Plaintiff appealed and the appeal was dismissed on August 24, 2001. On or about June 5, 2003, nearly two years after his appeal was dismissed, the Plaintiff filed a motion to amend his complaint and a motion to reopen the final judgment entered on April 11, 2001. The court denied his motions by an order entered June 12, 2003. In response, the plaintiff filed both a motion for clarification of the court's denial and a motion for reconsideration of the order denying the motion for relief from judgment.

On or about June 27, 2003, the court granted the plaintiff's motion for clarification and simply clarified the basis for its earlier ruling. The plaintiff again sought clarification, and by a Ruling On Motion For Clarification, dated August 18, 2003, the Court reiterated that it stood by its decision denying the requested relief. Specifically, the Court stated that it had "graciously entertained five pleadings filed by plaintiff related to a judgment entered over two years ago. . [and] has said all that it intends to say in response to plaintiff's requests, and thus there is no need for plaintiff to file any further motion in this case."

Now, a year after his last motion and three years after the final judgment was entered, the Plaintiff again is requesting that this Court open its final judgment. Ostensibly, this request is based on a ruling issued by Chief Judge John M. Walker concerning a charge, apparently brought by the plaintiff, of judicial misconduct. It is difficult to conceive how this ruling, which dismisses plaintiff's complaint of judicial misconduct for several reasons including the fact that plaintiff was attempting to challenge the district court's ruling on the merits and that

his unsupported allegations of unfairness were frivolous, could form the basis of a motion to reopen. There is simply nothing in Chief Judge Walker's ruling that provides a basis for opening a three-year old final judgment.

The Plaintiff also makes a vague reference to a ruling by the National Labor Relations Board ("NLRB") on May 28, 2004. It may be that this vague reference is to a decision of the NLRB concerning the Board's assertion of jurisdiction over a commercial enterprise that is wholly owned and operated by the San Manuel Band of Serrano Mission Indians in California. *See San Manuel Indian Bingo and Casino and Hotel Employees & Restaurant Employees*, 341 NLRB 138 (2004). Even if the plaintiff is referring to this case, it has no relevance or impact on this Court's decision to dismiss plaintiff's claims brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e (Title VII of the Civil Rights Act of 1964). The NLRB ruling concerns the application of federal labor laws, which were not at issue in the plaintiff's case.

The Defendant therefore respectfully requests that this Court deny the Plaintiff's motion to reopen.

DEFENDANT,
MASHANTUCKET PEQUOT GAMING ENTERPRISE

By:   /s/
Elizabeth Conway
**Federal Bar No. CT09845**
Brown, Jacobson P.C.
P.O. Box 391
22 Courthouse Square
Norwich, CT  06360
Telephone: (860) 889-3321 (ext. 233)
Facsimile:  (860) 886-0673

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, on this 23rd day of July 2004 to:

Ronald Patterson
133 Huntington Street, #1
Hartford, CT  06105

_____/s/_____
Elizabeth Conway

4